IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GRIEGO, Personal Representative of
the Wrongful Death Estate of
ALEC J. JARAMILLO, Deceased,
ANDREW JARAMILLO, and TERESA ROMO,

       Plaintiffs,

v.                                                             CV 17-0244 KBM/WPL

LABERTA DOUGLAS, as Personal
Representative of the Estate of Russell E.
Douglas, and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

       Defendants.

## ORDER DENYING MOTIONS FOR SANCTIONS

When parties in federal court are ordered to participate in a settlement conference, what must they do to meet the requirement of Federal Rule of Civil Procedure 16 that they participate at the settlement conference in good faith? Must they make a settlement offer during the conference? Are the named parties required to attend the settlement conference? These are the issues presented by the motions for sanctions filed by both Plaintiffs and Defendants after the settlement conference held on June 29, 2017. (Docs. 36, 42.)

This case arises out of a fatal motor vehicle collision that occurred in Grants, New Mexico on September 13, 2014. Alec Jaramillo, who was 19 years old, was driving his 2001 Harley Davidson motorcycle in the outside lane west on Santa Fe Avenue, while 93 year old Russell Douglas, who had been traveling east on Santa Fe Avenue in a 2014 Fiat, was turning left into the U.S. Post Office. The motorcycle collided with the passenger side of Mr. Douglas' Fiat, and Alec died at the scene. Plaintiffs sued Mr. Douglas, claiming damages for Alec's

wrongful death and his parents' loss of consortium, and also sued State Farm pursuant to New Mexico law that allows the joinder of a party's insurance company. Mr. Douglas died earlier this year, and Laberta Douglas, his surviving spouse, was substituted as a defendant in his place.

Mr. Douglas had automobile liability limits of $250,000, and a personal liability umbrella policy with a $1,000,000 limit. Prior to the settlement conference, Plaintiffs demanded State Farm's policy limits of $1,250,000 to settle their claims. The Defendants responded by making an offer of judgment of $250,001.

In attendance at the settlement conference for the Plaintiffs were Michael Griego, the Personal Representative of the estate of Alec; Andrew Jaramillo and Teresa Romo, Alec's parents; and their attorneys. The Defendants appeared at the settlement conference through State Farm Claim Team Manager Scott Slavens and the Defendants' attorney. During individual sessions with each side, I discussed the liability and damages aspects of the case. Because Alec was killed in the accident, the parties agreed that damages would be substantial, although there was significant disagreement about the likely amount of damages the jury would award.

The major dispute between the parties concerned liability. The Defendants took the position that the jury would likely find that Alec's actions were the sole cause of the accident. They relied upon the following facts: Alec was speeding; he was improperly passing a pickup truck pulling a trailer on the right, and the truck was able to stop without hitting Mr. Douglas' car; Alec was distracted and not keeping a proper lookout; he was riding a motorcycle with significant modifications that made it difficult to control (it had no speedometer or turn signals, it had replacement high profile handlebars and no rear suspension); and he had THC in his blood, indicating he may have been impaired while driving. Plaintiffs' toxicologist reported that the presence of THC was not clinically significant and would not have impaired Alec. Plaintiffs

2

recognized that the jury would likely assess some comparative fault to Alec, but argued that Mr. Douglas was primarily at fault for the accident because he was inattentive, failed to yield the right of way, and made an improper turn.

At the conference State Farm increased its settlement offer to Plaintiffs.[1] Plaintiffs did not respond to this offer, and State Farm then made another offer to settle Plaintiffs' claims. Plaintiffs refused this offer and did not submit a counter offer, and the settlement conference ended after approximately two hours and twenty minutes.

State Farm subsequently filed a motion for sanctions because Plaintiffs' failed to make a settlement offer at the conference. In response, Plaintiffs filed a cross motion for sanctions because Laberta Douglas did not attend the conference.

Rule 16 does not define what constitutes good faith participation at a settlement conference. The advisory committee notes express some caution about the use of settlement conferences, stating that it is not the purpose of the rule "to impose settlement on unwilling litigants" and that settlement conferences "would be a waste of time in many cases." FED. R. CIV. P. 16(c) advisory committee's notes to 1983 amendment.

There are at least three reasons why, under the circumstances, Defendants should not be awarded sanctions because Plaintiffs did not make a settlement offer at the settlement conference.

---

[1] In their motions, the parties discuss not only the offers made but also statements made by the parties at the settlement conference. This violates both the Order Setting Settlement Conference, which orders the parties to treat as confidential the information discussed and offers made by the parties during the conference, (Doc. 18), and also Local Rule 16.2(e), which provides that the settlement conference judge "may not reveal to the trial Judge any information about offers made, or about statements made, by any party at the settlement conference," other than whether the case settled. D.N.M.LR-Civ. 16.2(e). The parties have waived any issue of confidentiality, but I will not report the amounts of the offers made at the settlement conference to shield this information from the trial judge.

First, Plaintiffs' right to jury trial is guaranteed by the Seventh Amendment to the U.S. Constitution, and courts must be careful not to infringe on that right by focusing too narrowly on settling cases to allow them to manage their dockets efficiently. *In re Novak*, 932 F.2d 1397, 1404 (11th Cir. 1991). Courts consistently agree that a judge may not coerce a settlement, or force a party to make an offer at a settlement conference. *See Negron v. Woodhull Hosp.*, 173 F. App'x 77, 78-79 (2d Cir. 2006); *Gross Graphics Sys., Inc. v. DEV Indus., Inc.*, 267 F.3d 624, 627 (7th Cir. 2001); *Dawson v. United States*, 68 F.3d 886, 897 (5th Cir. 1995); *Domann v. Vigil*, 99-CV-0192 LH-LFG, ECF No. 111 at 2 (D.N.M. July 6, 2000). As the Fifth Circuit stated in *Dawson*: "[T]here is no meaningful difference between coercion of an offer and coercion of a settlement: if a party is forced to make a settlement offer because of the threat of sanctions, and the offer is accepted, a settlement has been achieved through coercion." 68 F.3d at 897.

Second, awarding sanctions would reward Defendants for violating the Order Setting Settlement Conference, which orders the parties to treat as confidential the information discussed and offers made by the parties during the conference. (Doc. 18.) It also would violate Local Rule 16.2(e), which provides that I may not reveal to the trial judge information about offers and statements made by the parties at the settlement conference. The Tenth Circuit and other courts have recognized that confidentiality is essential to the proper functioning of a settlement conference program. *See Clark v. Stapleton Corp.*, 957 F.2d 745, 746 (10th Cir. 1992); *William v. Johanns*, 529 F. Supp. 2d 22, 23 (D.D.C. 2008). Confidentiality contributes to the free flow of information between the parties. *Williams*, 529 F. Supp. 2d at 23. Empirical research demonstrates that lawyers have serious concerns about their ability to be candid and fully discuss issues about the case with the judge at settlement conference. Nancy A. Welsh, *Magistrate Judges, Settlement, and Procedural Justice*, 16 NEV. L. J. 983, 1011 (2016). To the extent that

parties fear that their discussions at settlement conference will be used against them later, they are more likely to behave strategically in settlement talks and reach a bargaining impasse. Michael P. Dickey, *ADR Gone Wild: Is It Time for a Federal Mediation Exclusionary Rule?*, 25 OHIO ST. J DISP. RESOL. 713, 751-54 (2010). Confidentiality also protects the neutrality of the settlement conference judge, which is important to the parties' perception of the fairness of the process. *Id.* at 754.

Third, awarding sanctions when a party fails to make an offer at a settlement conference will increase court hearings for sanctions, with the court having to delve into a party's motives for its actions at the conference. There has been an explosion of motions since 1998 relating to good faith participation at court-annexed ADR. *Id.* at 744-50.These additional court hearings could undercut the premise that ADR helps reduce court congestion. Edward F. Sherman, *Court-Mandated Alternative Dispute Resolution: What Form of Participation Should Be Required?*, 46 SMU L. REV. 2079, 2093 (1993).

The second issue presented in this case is whether the Defendants should be sanctioned because Laberta Douglas did not attend the settlement conference. The Federal Rules of Civil Procedure and our Local Rules do not provide an answer for this issue. Both Rule 16(c)(1) and Local Rule 16.2(c) provides that a court may require that a party or its representative be present for a settlement conference.

In some cases it may not be helpful to have named defendants present. For example, in many civil rights cases, including claims for excessive force or sexual discrimination, it can be detrimental if the individual defendant is present, and the parties often agree that another defense representative and an individual with settlement authority must attend. When a party is fully insured and the insurer has assumed that party's defense, there may be little reason to have that

party present because the insurer will usually have sole authority over defense of the claim, including whether to settle the claim or go to trial. *Id.* at 2105. Therefore, an adjuster or other representative may be the appropriate person to attend the hearing. *Id*. This is not the situation when the individual defendant has a reasonable exposure to a recovery above the policy limits. *Id*. Whether a party should be required to attend a settlement conference should be decided on a case-by-case basis, and there should be no fixed rule that requires a party to attend a settlement conference. *Id*. at 2106.

In this case, it would have been appropriate for Laberta Douglas to attend the settlement conference in person, because there is a possibility that the judgment could exceed the policy limits. However, neither Plaintiffs nor Defendants brought this issue to my attention, and the order that set the settlement conference required, consistent with the rules, that the parties or a designated representative attend the conference. Defendants complied with the order by attending through a designated representative.

Because Plaintiffs were not required to make a settlement offer to Defendants at the settlement conference, Defendants' motion for sanctions is denied. Further, although I would have ordered Laberta Douglas to be present at the settlement conference if Plaintiffs had made that request, they did not, and Defendants did not violate the order setting settlement conference by bringing a representative of State Farm. Thus, Plaintiffs' motion for sanctions is also denied.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge