IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GRIEGO, Personal Representative of
the Wrongful Death Estate of
ALEC J. JARAMILLO, Deceased,
ANDREW JARAMILLO and TERESA ROMO,

    Plaintiffs,

v.                                                                           CIV 17-0244 KBM/JHR

LABERTA M. DOUGLAS, as Personal
Representative of the Estate of Russell E.
Douglas, and STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Laberta M. Douglas' and State Farm Mutual Automobile Insurance Company's Motion to Exclude Testimony Regarding Hedonic Damages *(Doc. 59),* filed January 3, 2018. The Court, having considered the parties' submissions and relevant case law, concludes that Defendants' motion should be granted in part and denied in part for the reasons set forth below.

**I.    FACTUAL BACKGROUND**

On September 13, 2014, Alec J. Jaramillo ("Jaramillo") rode his motorcycle westbound on Santa Fe Avenue in Grants, New Mexico. Russell Douglas, driving his vehicle southbound on that street, turned left in front of the motorcycle, and the two collided. The collision resulted in Jaramillo's death and the filing of this wrongful death lawsuit.

1

At the trial in this case, Plaintiff intends to present testimony from economist Brian McDonald, Ph.D., as to the value of economic losses resulting from Jaramillo's death such as lost earning capacity and loss of household services. Plaintiff also seeks testimony by Dr. McDonald as to hedonic damages – the "value on the life of Alec Jaramillo, apart from Alec's earning capacity." *Doc. 64* at 2. According to his Expert Report, Dr. McDonald's testimony related to hedonic damages will include: (1) the concept of and meaning of value of life damages, (2) broad areas that should be considered by the trier of fact in determining value of life damages, (3) use of valuation of life in other public policy context, and (4) economic research on the value of statistical life along with its determined reasonable range. Defendants seek to exclude any expert testimony regarding hedonic damages under Federal Rule of Evidence 403.

## II. STANDARD

Rule 403 provides that a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

## III. ANALYSIS

In this diversity jurisdiction case, this Court must follow New Mexico law which does allow for the recovery of hedonic damages. *Couch v. Astec Industries, Inc.*, 2002-NMCA-084, ¶¶ 17-20, 132 N.M. 631, 53 P.3d 398. However, the Court must follow the Federal Rules of Evidence as interpreted by federal case law on the admission of expert testimony. *See Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 877-90 (10th Cir. 2006)

(identifying several instances in which a federal district court erred in applying rules of evidence derived from state law).

Hedonic damages are described as an "attempt to compensate the loss of the pleasure of being alive." *Black's Law Dictionary* (10th ed. 2014). Accurately capturing the monetary value of the loss of enjoyment of life is most certainly difficult, if not impossible. In their Motion, Defendants argue for exclusion of all of Dr. McDonald's testimony on hedonic damages on the basis that it would be unfairly prejudicial, misleading, speculative, and confusing to the jury. *Doc. 59* at 3.

The Tenth Circuit, however, has previously found expert testimony as to the general concept of hedonic damages admissible under Rule 403 to ensure the trier of fact did not ignore a proper component of damages. *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1246 (10th Cir. 2000). Such qualitative testimony may include the general concept and meaning of value of life damages and the areas of human experience deserving of consideration. *Id.*

Testimony as to the economic research on the "value of statistical life" and its determined reasonable range, however, constitutes a quantitative measure. The majority rule in this District holds that expert testimony that "places a dollar in front of the jury in an attempt to quantify the value of a human life," is inadmissible. *See, e.g., BNSF Railway Company v. LaFarge Southwest, Inc.*, Civ. No. 06-1076, 2009 WL 4279849, *2 (D.N.M. 2009). This rule would exclude testimony such as "plac[ing] the reasonable range of the value of a statistical life in the United States at $5.0 million to $6.0 million." *Doc. 59-1* at 4. Similarly, testimony involving numerical benchmarks for

3

calculating present value of any lost value of life would be impermissible. *Harris v. United States*, Civ. No. 06-0412, 2007 WL 4618597, *1 (D.N.M. 2007).

While neither party addressed this specific topic in their filings, the probative value of testimony explaining how governmental agencies use the valuation of life in the context of public policy seems substantially outweighed by the danger of confusing the issues. The trier of fact needs not know how governmental agencies use such a valuation in order to grasp its concept and apply it to the case at hand.

In summary, Plaintiff fails to provide a persuasive argument as to why this Court should depart from precedent and admit expert testimony quantifying hedonic damages. The Court expressly finds that any probative value of such quantifying testimony is substantially outweighed by a danger of unfair prejudice and misleading the jury, which collectively will be in the best position to make such an assessment. *See* Fed. R. Evid. 403. On the other hand, the risk of undue prejudice does not outweigh the probative value to the jury of qualitative expert testimony regarding the concept of hedonic damages and pointing out the areas to be considered in evaluating such damages. Thus, testimony by Dr. McDonald on hedonic damages will be limited to those areas only.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent