IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GRIEGO, Personal Representative
of the Wrongful Death Estate of
ALEC J. JARAMILLO, Deceased,
ANDREW JARAMILLO and THERESA ROMO,

      Plaintiffs,

v.                                                                                                            CIV 17-0244 KBM/JHR

LAMBERTA M. DOUGLAS, as Personal
Representative of the Estate of Russell E.
Douglas, and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery Responses and for Sanctions (*Doc. 56*), filed December 22, 2017. Having considered the parties' positions and all pertinent authority, the Court will grant the Motion in part.

### I. BACKGROUND

This wrongful death case arises from a collision between Decedent, Alec J. Jaramillo, and Russell E. Douglas.[1] As stated in Plaintiffs' Complaint, Mr. Jaramillo was driving his motorcycle west on Santa Fe Avenue in Grants, New Mexico, when Mr. Douglas, who was travelling east on Santa Fe Avenue, made a left hand turn in front of Mr. Jaramillo, causing the subject collision. *Doc. 24* at 2. "According to the State of New Mexico Crash Report, stemming from the above-referenced collision, apparent contributing factors to the collision were Douglas'

---

[1] Mr. Douglas died on March 8, 2017, and his surviving wife, Laberta M. Douglas, was substituted as the Defendant in this action. *Doc. 30*. For the sake of clarity, the Court will refer to Mrs. Douglas as the Defendant.

1

failure to yield the right of way, having made an improper turn and his driver inattention." *Id.* The crash resulted in Mr. Jaramillo's death. *Id.* at 3.

Plaintiffs assert that Mr. Douglas was negligent in the operation of his vehicle, but do not bring a claim for punitive damages against him. *Id.* Nor does Plaintiffs' complaint specifically reference or place at issue Mr. Douglas' physical or mental condition at the time of the collision. *See generally id.* Defendant denies liability. *See generally Doc. 25*. Defendant furthermore pleads as an affirmative defense that Mr. Jaramillo's death was caused by his own "negligent and/or reckless operation of an unsafe motorcycle[.]" *Id.* at 3.

The present discovery dispute involves Defendant's responses to Plaintiffs' interrogatories, which seek Mr. Douglas' financial information; and Defendant's responses to Plaintiffs' requests for production, which seek the documents underlying Plaintiffs' interrogatories as well as copies of witness statements and an executed medical authorization for Mr. Douglas. *See generally Doc. 56-1* at 1-11. Defendant objected to the bulk of these requests on the grounds of various privileges, but did not produce a privilege log. *See id.* Plaintiffs wrote to Defendant seeking supplemental responses to *all* of their interrogatories and requests, specifically targeting whether removal in this case was proper as well as "whether Mr. Douglas had any medical conditions that should have prevented him from driving etc." *Doc. 56-2*. The parties then engaged in a written dialogue as to two specific topics: (1) Defendant's residency at the time of removal, and (2) whether Defendant has a legal obligation to provide a medical authorization for Mr. Douglas' health records to Plaintiffs. *See Doc. 61-1*. These discussions were unfruitful, and Plaintiffs filed the instant Motion.

Plaintiffs' Motion seeks a variety of relief. First, it asks the Court to order Defendant to respond fully to requests for production numbers 7, 8 and 9, which seek Mr. Douglas' financial

information and "a copy of all recorded statements of any witnesses to the subject collision, including, but not limited to, Troy Jaramillo." *Doc. 56* at 2; *see Doc. 56-1* at 9-10. Plaintiffs explain that their requests related to Mr. Douglas' finances are "paramount in determining the existence of assets likely necessary to satisfy an excess judgment[.]" *Doc. 56* at 2. Plaintiffs further explain that they were prejudiced by Defendant's failure to produce Troy Jaramillo's prior statement before his deposition was taken. *Doc. 56* at 2.

Finally, Plaintiffs argue that "Mr. Douglas' medical condition and especially his quality of vision are matters reasonably calculated to lead to the discovery of admissible evidence." *Doc. 56* at 3. Plaintiffs explain that because Mr. Douglas claims to not be at fault for the collision, "any medical conditions, age-related cognitive defects such as memory, coordination and vision may have affected his ability to appreciate and properly respond to other motorists on the roadway, including Alec Jaramillo and are highly relevant to Defendant's contested liability in this case." *Doc. 56* at 4. Plaintiffs further explain that Mr. Douglas' medical background is relevant because drivers in New Mexico over the age of 75 have to provide a report from a physician regarding any medical conditions that might interfere with driving when renewing a driver's license. *Doc. 56* at 4-5.

Defendant's Response argues that information regarding Mr. Douglas' medical condition is privileged and not discoverable. *See Doc. 61* at 1-2. Defendant further argues that Mr. Douglas' financial condition is irrelevant prior to the entry of judgment. *Doc. 61* at 3. As to Plaintiff's other requests for production, Defendant's position is that "Plaintiffs never requested Defendants to supplement these responses" and that, while "Defense counsel is open to a good faith dialogue regarding supplementation[,]" Plaintiff's motion should be denied for failure to

comply with the meet and confer requirements of Federal Rule of Civil Procedure 37. *Doc. 61* at 4. Plaintiffs did not file a Reply.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, providing that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "[T]he scope of discovery under the federal rules is broad and …discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Parties may issue interrogatories pursuant to Federal Rule of Civil Procedure 33, which "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A responding party may object to an interrogatory; however, the grounds for an objection "must be stated with specificity." Fed. R. Civ. P. 33(b)(4). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). A party may move to compel the answer to an interrogatory under Rule 33 if good faith attempts to secure the answer are unsuccessful. Fed. R. Civ. P. 37(a)(3)(B)(iii).

Parties may issue requests for production pursuant to Federal Rule of Civil Procedure 34 "within the scope of Rule 26(b)[.]" Fed. R. Civ. P. 34(a). Each request must be responded to or addressed by specific objection. Fed. R. Civ. P. 34(b)(2). A party may move to compel a

response to a request for production if good faith attempts to secure the answer are unsuccessful. Fed. R. Civ. P. 37(a)(3)(B)(iv).

The movant must confer or attempt to confer with the nonmovant prior to filing a motion under Rule 37. Fed. R. Civ. P. 37(a)(1). "If the motion is granted … the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied, the Court may, similarly, assess costs and fees against the movant. Fed. R. Civ. P. 37(a)(5)(B). If the motion is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

### III. ANALYSIS

As briefly mentioned above, Defendant argues in her response that Plaintiffs failed to informally seek supplementation of their requests for production before filing the instant Motion. As such, Defendant asks the Court to deny the Motion on procedural grounds. *Doc. 61* at 4. The Court, however, finds that, in this case, Plaintiffs adequately put Defendant on notice that they would move to compel production of *all* of Defendant's discovery responses. This being established, the Court rejects Defendant's request to deny the Motion on procedural grounds and turns to the three categories of withheld information in this case.

### A) Witness Statements

Defendant objected to producing statements by witnesses to the collision on the ground that Plaintiffs' request sought "protected information and material that was prepared in anticipation of litigation." *See Doc. 56-1* at 10. This objection will be overruled.

Under federal law, "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). "This detailed and specific showing is typically presented in the form of a privilege log." *Certain Underwriters of Lloyd's v. Old Republic Ins. Co.*, 2015 WL 12748248, at *8 (D.N.M. Aug. 18, 2015). "The law is well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 651 (D.N.M. 2007) (citations omitted); *U.S. ex rel. Baker v. Cmty. Health Sys., Inc.*, 2012 WL 12342816, at *4 (D.N.M. 2012)). "A 'blanket claim' as to the applicability of the work product doctrine does not satisfy the burden of proof." *Moses v. Halstead*, 236 F.R.D. 667, 676 (D. Kan. 2006) (quotation omitted).

Here, Defendant provided no privilege log for the documents in her possession that were relevant to Plaintiffs' request for witness statements, leaving Plaintiffs, and this Court, without the ability to assess her claims of privilege. Instead, Defendant broadly objected that the witness statements in her possession are protected as material prepared in anticipation of litigation. *See Doc. 56-1* at 10. Defendant further stated that "[n]ot withstanding this objection[,]" litigation was anticipated early in this case "in part, because it involved a death, disputed liability, and large

liability insurance limits." *Id.* Defendant's Response to Plaintiffs' Motion makes no mention of the statements or otherwise supports her position that they are protected. Rather, Defendant takes the position that "Defense counsel is open to a good faith dialogue regarding supplementation." *Doc. 61* at 4. Under these circumstances, the Court finds that Defendant has waived the work-product privilege as to the witness statements in her possession. As such, the Court orders their disclosure.

### B) Financial Information

As mentioned, Plaintiffs argue that they are entitled to discovery concerning Mr. Douglas' financial information because that information is "paramount in determining the existence of assets likely necessary to satisfy an excess judgment." *Doc. 56* at 2. Defendant objected on the grounds that this information is not discoverable prior to the entry of judgment because it is not relevant under Rule 26(b)(1) to Plaintiffs' negligence claim and Plaintiffs have not brought a punitive damages claim. *See Doc. 61* at 3. The Court will sustain this objection.

Plaintiffs cite nothing in support of their position, and the Court has found no authority permitting the discovery they seek. In fact, the general rule appears to be that "normal civil procedure discovery regarding a defendant's financial condition is not permitted before entry of judgment." *In re Roman Catholic Church of Diocese of Gallup*, 513 B.R. 761, 765 (Bankr. D.N.M. 2014) (citing *Sierrapine v. Refiner Products Mfg., Inc.*, 275 F.R.D. 604, 609 (E.D.Cal. 2011) (collecting cases); *Sanderson v. Winner*, 507 F.2d 477, 479 (10th Cir. 1974)). The exception to this general rule is where punitive damages are sought. *See Accountable Health Sols., LLC v. Wellness Corp. Sols.*, LLC, 2017 WL 3229071, at *2 (D. Kan. July 31, 2017) ("When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to

establish a prima facie case on the issue of punitive damages."). In the absence of a punitive damages claim, a successful litigant may obtain post-judgment discovery in the aid of execution of said judgment once it is entered. *See* Fed. R. Civ. P. 69(a)(2).

Here, Plaintiffs explicitly plead negligence, and have not brought a punitive damages claim against Defendant. As such, Defendant's financial information is irrelevant to the issues in this case. Put simply, "a plaintiff may not seek discovery from a defendant to determine whether that defendant has the means to satisfy a judgment." *Grosek v. Panther Transp., Inc.*, 251 F.R.D. 162, 165 (M.D. Pa. 2008) (collecting cases). Accordingly, Plaintiff's Motion is denied as to the requests for Defendant and Mr. Douglas' financial information.

### C) Medical Records

Plaintiffs seek a signed release for Mr. Douglas' medical records. *See Doc. 56-1* at 10. In support of this request, Plaintiffs argue that Mr. Douglas' medical records are "highly relevant" because they may reveal whether there were problems with Mr. Douglas' vision, whether he could safely operate a motor vehicle, and whether he had a duty to report any medical conditions to the State as a condition of renewing his driver's license. *Doc. 56* at 3. Defendant objected to this request on the grounds that she has not put Mr. Douglas' medical condition at issue, rendering the records irrelevant. *See Doc. 56-1* at 10. Moreover, Defendant objected that the records are privileged under New Mexico law. *Id.* Having carefully considered the issue, the Court will sustain Defendant's objection in part, but overrule it in part.

"[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." See Fed. R. Evid. 501. Thus, in this diversity case, New Mexico state law governs the application of the physician-patient privilege. *See Frontier Ref., Inc. v. Gorman-Rupp Co.*, Inc., 136 F.3d 695, 699 (10th Cir. 1998). Under New Mexico law,

8

> [a] patient has a privilege to refuse to disclose, or to prevent any other person from disclosing, a confidential communication made for the purpose of diagnosis or treatment of the patient's physical, mental, or emotional condition, including drug addiction, between the patient and the patient's physician, psychotherapist, or state or nationally licensed mental-health therapist.

Rule 11-504(B) NMRA. Defendant, as Mr. Douglas' personal representative, may properly claim the privilege. Rule 11-504(C)(1)(c) NMRA. "The purpose of the privilege is to encourage a patient to make complete disclosures of his symptoms and conditions to a physician without fear of publication." *Vondrak v. City of Las Cruces*, 760 F. Supp. 2d 1170, 1174 (D.N.M. 2009) (quoting *State v. Roper*, 122 N.M. at 128, 921 P.2d at 324).

There are exceptions to the privilege; applicable here:

> If a patient relies on a physical, mental, or emotional condition as part of a claim or defense, no privilege shall apply concerning confidential communications made relevant to that condition. After a patient's death, should any party rely on a patient's physical, mental, or emotional condition as part of a claim or defense, no privilege shall apply for confidential communications made relevant to that condition.

Rule 11-504(D)(3) NMRA. "Rule 11–504(D)(3) does not speak in terms of waiver; where it applies there simply is no privilege." *Pina v. Espinoza*, 2001-NMCA-055, ¶ 13, 130 N.M. 661, 665, 29 P.3d 1062, 1066. The party asserting the privilege "bears the burden of establishing that the privilege applies." *Id.* ¶ 24.[2]

---

[2] As discussed above, Federal law requires the party asserting the privilege to create a privilege log. The same is true of the physician-patient privilege under New Mexico law:

> Because Rule 11–504 speaks in terms of privileged "communications," not privileged documents, Plaintiff must assert the physician-patient privilege with sufficient detail so that Defendant, and ultimately the trial court, may assess the claim of privilege as to *each* withheld *communication.* Plaintiff must provide a privilege log that identifies each withheld communication…. Plaintiff's privilege log together with any supplemental affidavits must affirmatively demonstrate an objectively reasonable basis for each assertion of privilege…. Plaintiff's privilege log must be signed as required by Rule 1–011 NMRA 2001…. Failure to adequately support a claim of privilege thwarts both the adversarial process and meaningful independent judicial review and justifies denial of the claim of privilege.

*Pina v. Espinoza*, 2001-NMCA-055, ¶ 24, 130 N.M. 661, 668, 29 P.3d 1062, 1069. However, because Plaintiffs do not request specific medical records, but a blanket release, the Court finds that no privilege log was required here.

The New Mexico Courts recognize that "[t]here exists a presumption in favor of permitting pretrial discovery…. And a plaintiff's right to examine a defendant fully and exhaustively ... is fundamental to our system of jurisprudence." *Wrongful Death Estate of Archuleta v. Thi of New Mexico, LLC*, 2014 WL 890613, at *12 (N.M. Ct. App. Jan. 9, 2014) (quotation omitted). However, the New Mexico Court of Appeals has held that "[a] physician-patient communication that is relevant to the subject matter of the pending action is not discoverable unless it also is 'not privileged.'" *Pina v. Espinoza*, 2001-NMCA-055, ¶ 14, 130 N.M. 661, 665, 29 P.3d 1062, 1066. Thus, it is not enough for the information to be relevant under Rule 26(b)(1), it must also be "not privileged" pursuant to Rule 11-504(D)(3) NMRA. *Id.*

As noted, Plaintiffs assert that they are entitled to discovery concerning Mr. Douglas' medical health because he testified (and Defendant maintains) that he was not at fault for the collision. *Doc. 56* at 4. Specifically, Plaintiffs argue that "Mr. Douglas' overall health, any medical conditions, age-related cognitive defects such as memory, coordination and vision may have affected his ability to appreciate and properly respond to other motorists on the roadway[.]" *Id.* Defendant claims that Mr. Douglas' medical history is irrelevant because she has not placed it in issue. However, Plaintiffs have. Therefore, the Court finds that Mr. Douglas' medical history is relevant under Rule 26(b)(1). The question is whether or not it is privileged.

Most courts that have addressed the matter have found that a defendant's medical records are privileged, and that a defendant does not waive the privilege merely by driving, denying fault, or asserting comparative negligence. *See, e.g.*, *Empey v. FedEx Ground Package System Inc.*, CIV 15-0815 KK/KBM, 2016 WL 10179244 at *8 (D.N.M. 2016) ("The Court agrees that Defendants did not, by virtue of being haled into Court by Plaintiffs, place their medical conditions at issue.") (citations omitted); *Mims v. Wright*, 157 N.C. App. 339, 343, 578 S.E.2d

606, 609 (2003) ("[H]ad defendant, through her answer, placed her medical condition at issue, there would be an implied waiver of the physician-patient privilege; however, defendant simply denied plaintiff's allegation of negligence and, in the alternative, raised the defense of contributory negligence. As nothing in her answer or subsequent conduct during the course of discovery opened the door to an inquiry into defendant's medical history, the trial court abused its discretion in concluding defendant had waived her privilege."); *Gray v. Richbell*, 144 So. 3d 573, 575 (Fla. Dist. Ct. App. 2014) ("[I]t is not the petitioner's mental or physical health that is at issue here, but his conduct—whether he was negligent in failing to avoid a car that veered into his lane of traffic. If he was not negligent, then his physical health is immaterial; and if he was negligent, the same holds true."); *Matysik v. Judd Transp., L.L.C.*, 2016 WL 559217, at *2 (S.D. Ind. Feb. 12, 2016) ("[Defendant] has not expressly waived the privilege. Nor has he impliedly waived it. He has not placed his health at issue in this lawsuit. He claims no personal injury; he has not raised his medical condition or health as a defense. Rather, [Plaintiff] is the one who has placed [Defendant's] medical condition at issue by arguing that [Defendant] suffered from a condition that caused him to fall asleep at the wheel. Because [Defendant] has not waived the physician-patient privilege protecting his medical records, further inquiry into his medical records, specifically including but not limited to the information sought in Plaintiff's First Supplemental Discovery Requests, seeks discovery of irrelevant and undiscoverable information."); *Palm v. Holocker*, 2017 IL App (3d) 170087, ¶ 24 (holding that Illinois' exception to the privilege "applies only where a defendant affirmatively presents evidence that places his or her health at issue. Neither the nature of a plaintiff's cause of action nor factual allegations in a plaintiff's complaint waive a defendant's physician-patient privilege."); *id.* at ¶ 26 ("Absent [defendant] affirmatively placing his health at issue, we see no compelling reason to

vitiate his privilege. His medical records have no bearing on his liability. [Defendant's] driving, not the reason for his driving, is at issue; he either drove negligently or he did not. If [defendant] possessed a valid license and operated his vehicle as a reasonably prudent person would, then he is not liable for [plaintiff's] injuries regardless of his health or vision."); *Devenyns v. Hartig*, 983 P.2d 63 (Colo. App. 1998), *as modified on denial of reh'g* (Nov. 27, 1998) (holding that defendant's participation in lawsuit was not an implied waiver of physician-patient privilege as to her medical records.).

In *Dillenbeck v. Hess*, 140 A.D.2d 766, 527 N.Y.S.2d 647 (1988), *aff'd*, *Dillenbeck v. Hess*, 73 N.Y.2d 278, 536 N.E.2d 1126 (1989), New York went so far as to hold that even though a defendant drunk driver's physical condition was "undeniably in issue" in a collision case her medical records were nonetheless protected by the physician-patient privilege, and were not waived simply by virtue of her denial of intoxication and the presence of retrograde amnesia because the Defendant did not claim that her amnesia excused her conduct. *See Dillenbeck v. Hess*, 73 N.Y.2d 278, 289, 536 N.E.2d 1126, 1133 (1989) ("Defendant cannot be said to have waived the privilege simply by denying the allegations in the complaint or by testifying that she cannot remember any details of the incident where the fact of her memory loss is not being advanced to excuse her conduct…. Nor has she waived the privilege by asserting the defenses of comparative negligence and the failure of plaintiffs to wear seat belts since neither defense seeks to excuse the conduct complained of by asserting a mental or physical condition."). *Dillenbeck*'s rationale was adopted by Iowa in *Chung v. Legacy Corp.*, 548 N.W.2d 147, 151 (Iowa 1996) ("[W]e hold [defendant's] denial of [plaintiff's] allegation that [defendant] was intoxicated at the time of the accident did not make [defendant's] physical condition an element or factor of his defense. Therefore, the physician-patient privilege applies.").

Likewise, in *Muller v. Rogers*, 534 N.W.2d 724, 726 (Minn. Ct. App. 1995), Minnesota held that a plaintiff may not place a defendant's medical condition in controversy to effect waiver of the privilege in an auto-accident case. *See id.* ("Muller has cited no statute or caselaw, and our research has disclosed none, holding that a *plaintiff* may place a *defendant's* physical condition in controversy and thereby effect a waiver of the defendant's medical privilege by asserting that the defendant was impaired on the day of the accident."). However, it also held that the defendant driver waived his medical privilege as to records that were disclosed to the state Department of Public Safety for the purpose of obtaining driving or licensing privileges. *See id.* at 727.

On the other hand, North Carolina has held that where the plaintiff alleges that a defendant's physical or medical condition contributed to the collision, the physician patient privilege does not apply. *See Roadway Exp., Inc. v. Hayes*, 178 N.C. App. 165, 171, 631 S.E.2d 41, 46 (2006) (holding that North Carolina's physician-patient privilege did not prevent disclosure of the defendant driver's medical records where the plaintiff contended that the defendant's physical or medical condition (intoxication) contributed to the accident.). *Roadway* clarified *Mims v. Wright*, 157 N.C. App. 339, 578 S.E.2d 606 (2003), which held that a defendant's denial of plaintiff's allegation of negligence in answer and assertion of contributory negligence did not constitute a waiver of physician-patient privilege. *See id.* The Court stated: "[u]nlike the plaintiffs in *Mims*, Plaintiff in this case contends Defendant's physical or medical condition contributed to the accident." *Roadway*, 178 N.C. App. at 171. More recently, North Carolina extended *Roadway*'s rationale to a medical malpractice action, finding that the defendant-physician's medical records were discoverable where she claimed disability a month

after the alleged medical negligence. *See Nicholson v. Thom*, 214 N.C. App. 561, 714 S.E.2d 868 (2011), *writ denied*, *Nicholson v. Thom*, 365 N.C. 557, 722 S.E.2d 607 (2012).

New Mexico has not decided the issue, but the New Mexico courts have issued several decisions that are relevant to the Court's analysis. For example, in *State v. Roper*, 1996-NMCA-073, ¶ 16, 122 N.M. 126, 130, 921 P.2d 322, 326, the Court held that a criminal defendant did not waive the privilege merely by pleading not guilty in response to charges that he was driving under the influence of alcohol. The New Mexico Supreme Court cited *Roper* with approval in *State v. Allen*, 2000-NMSC-002, ¶ 46, 128 N.M. 482, 502, 994 P.2d 728, 748, where it found that "the confidential medical records at issue in this case were not a proper subject of discovery because Defendant did not place his mental health at issue at any phase of his trial."

Turning to the civil arena, in *Reaves v. Bergsrud*, 1999-NMCA-075, ¶ 23, 127 N.M. 446, 450, 982 P.2d 497, 501, the New Mexico Court of Appeals held that the district court did not abuse its discretion in finding that Rule 11-504 NMRA precluded the production of the Defendant physician's mental health records in a medical malpractice case. The Court so found because "Plaintiff did not allege that Defendant's mental health impaired Defendant's treatment of her, and absent this proof, the trial court properly limited discovery." *Id.* The Court of Appeals followed suit in *Pina v. Espinoza*, 2001-NMCA-055, 130 N.M. 661, 29 P.3d 1062, where it found that even a personal injury plaintiff does not completely waive her medical privilege merely by filing suit. *Id.* at 17 ("Plaintiff did not necessarily put her entire medical history in issue by filing a lawsuit which seeks damages for pain and suffering or loss of enjoyment of life."). Later, in *Villalobos v. Board of County Com'rs of Dona Ana County*, 2014-NMCA-044, ¶ 19, 322 P.3d 439, 444, the Court of Appeals held that a defendant-inmate's mental health records were privileged and not discoverable by virtue of Rule 11-504 NMRA. The Court so found even

though the plaintiff claimed that the records would be relevant to determining whether the inmate defendant (who sexually assaulted the plaintiff) was properly classified and housed with her. *See id.*

In summary, the general rule is that a defendant driver in a civil case does not waive the physician-patient privilege simply by denying fault or asserting comparative negligence. Additionally, the general rule is that a *plaintiff* may not effect a waiver of a *defendant's* privilege even where there is evidence that the defendant may have been impaired at the time of the collision. Moreover, in New Mexico, the physician-patient privilege has enjoyed considerable deference, with substantial protection provided to all but those patients who explicitly waived it. *See, e.g.*, *State v. Gonzales*, 1996-NMCA-026, ¶ 16, 121 N.M. 421, 426, 912 P.2d 297, 302 ("We must conclude that Rachel's medical releases in favor of the detective and the State terminated the confidentiality of the records and thereby constituted a waiver of her right to rely on the physician-psychotherapist privilege of Rule 504.").

Given the general weight of authority (North Carolina seeming to present the only exception), the Court is inclined to deny Plaintiffs' Motion seeking a general medical release for Mr. Douglas' medical records. Given the opportunity to address the issue, the Court presumes that the New Mexico courts would agree. However, that does not end the matter.

Notably, none of the cases discussed above involved the medical records of a deceased patient, or discuss New Mexico's specific exception which applies when a patient is deceased: "[a]fter a patient's death, should *any party* rely on a patient's physical, mental, or emotional condition as part of a claim or defense, no privilege shall apply for confidential communications made relevant to that condition. Rule 11-504(D)(3) NMRA (emphasis added). Plaintiffs have a relied on Mr. Douglas' medical condition as a part of their negligence claim. Applying this rule,

the Court concludes that, even though Mr. Douglas' medical records are generally privileged, and would be if he was still alive, Plaintiffs have the right to question Mr. Douglas' medical health as it specifically relates to the collision in question now that he is deceased. Further, because Mr. Douglas renewed his driver's license roughly a month prior to the collision and was required to disclose his medical status as a condition of renewal, any medical records he provided to the state are not privileged.

Therefore, the Court finds: first, Mr. Douglas' medical history is relevant to Plaintiffs' negligence claims under Rule 26(b)(1); second, Mr. Douglas' medical history is generally privileged and neither Defendant nor Mr. Douglas has waived the privilege merely by participating in this lawsuit and denying fault; third, now that Mr. Douglas is deceased, Plaintiffs have the right to examine any records that bear upon their claim that his negligence caused the collision at issue. Thus, the Court will order Defendant to execute a medical release for Mr. Douglas limited to "any medical conditions that could interfere with driving" and the quality of Mr. Douglas' vision at the time of the collision. Additionally, the release will be limited to the year preceding the collision at issue. In the alternative, Defendant may refuse to produce such a release if she chooses to request the records at issue, and disclose them subject to a properly supported privilege log. To the extent that Defendant seeks a protective order governing the confidentiality of the records, one will be granted.

**D) Sanctions**

Finally, the Court will not award sanctions or costs to either party. To the extent that Plaintiffs' Motion is granted, the Court finds that, with the exception of the witness statements, Defendant's "nondisclosure, response or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A). To the extent that the Motion has been denied, the Court finds that Plaintiffs'

position was substantially justified, as the issues raised have not been addressed by the New Mexico courts. Fed. R. Civ. P. 37(a)(5)(B).

## IV. CONCLUSION

In sum, the Court grants and denies in part Plaintiffs' Motion (*Doc. 56*). As such, the Court hereby orders:

1. Defendant shall turn over to Plaintiffs any and all witness statements to the collision in her possession.

2. Defendant shall either execute a limited medical release for Mr. Douglas, as described above, or will produce to Plaintiff medical records preceding the collision by one year accompanied by an appropriate and supported privilege log.

3. Defendant will make these disclosures within 30 days of the entry of this order.

IT IS SO ORDERED.

                                              JERRY H. RITTER
                                              U.S. MAGISTRATE JUDGE