IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GRIEGO, Personal Representative of
The Wrongful Death Estate of
ALEC J. JARAMILLO, Deceased,
ANDREW JARAMILLO and TERESA ROMO,

    Plaintiffs,

v.                                                                          CIV 17-0244 KBM/JHR

LABERTA M. DOUGLAS, as Personal
Representative of the Estate of Russell E.
Douglas and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendants.

## **ORDER GRANTING MOTION TO CONTINUE**

        THIS MATTER comes before the Court on Plaintiffs' Opposed Motion to Vacate July 23, 2018 Trial Setting (*Doc. 105*), filed July 5, 2018. Having reviewed the parties' submissions and all pertinent authority, the Court will grant Plaintiffs' Motion.

        This case arises from a 2015 vehicle collision between Russell Douglas and Alec Jaramillo. At his deposition on January 27, 2017, Russell Douglas testified that he had undergone a cataract surgery, but he did not specify the date of that procedure. *Doc. 109-1*. At a more recent deposition, his wife testified a doctor had performed the cataract surgery about two months after the collision at issue here. *Doc. 105* at 3.

        On September 20, 2017, Plaintiffs sent discovery requests to Defendants and specifically requested an executed medical authorization to obtain Mr. Douglas' medical and vision records. *Doc. 49*; *see also Doc. 105* at 2. In response to Defendants'

objections to that and other discovery requests, Plaintiffs filed a Motion to Compel on December 22, 2017. *Doc. 56*. On May 24, 2018, Judge Ritter ordered that Defendants "execute a medical release for Mr. Douglas limited to 'any medical conditions that could interfere with driving' and the quality of Mr. Douglas' vision at the time of the collision . . . limited to the year preceding the collision at issue." *Doc. 85* at 16 ("the Order"). He further directed Defendants to produce the release within 30 days of entry of the Order. *Doc. 85* at 17. Defendants do not dispute that they produced the authorization on June 25, 2018 at 4:58 p.m. – 32 days after entry of that Order. *Doc. 105* at 2.

Plaintiffs now seek to continue the trial, currently set for July 23, 2018, in order to seek an expansion of Judge Ritter's order to "allow collection of Mr. Douglas' pre-operative cataract surgery records." *Doc. 105* at 3. Defendants argue that Plaintiffs' request is untimely because they knew in January 2017 about the cataract surgery, but did not seek Court intervention in obtaining the medical records until eleven months later. While Plaintiffs may have deferred their request for medical records, that request was made well within the deadline set forth in the Court's Scheduling Order. *See Doc. 73* (discovery deadline April 30, 2018); *Doc. 54* (discovery motions deadline March 7, 2018). Moreover, Defendants delayed production of the medical release even beyond the last possible moment for complying with Judge Ritter's Order. Plaintiffs therefore were given very little time to obtain, review, and request supplementation to these potentially relevant medical records prior to trial. Given these circumstances, but with great reluctance, the Court will grant Plaintiffs' request to vacate the July 23, 2018 trial setting.

However, the Court expects the parties to be fully ready for trial and sees no reason to delay that preparation. Accordingly, the Court will not vacate certain Pretrial Orders deadlines. The parties are to still submit their proposed jury instructions by today – July 11, 2018 – with written objections due by July 16, 2018. Additionally, the parties shall still respond to Motions in Limine by this Friday, July 13, 2018. All other pending Pretrial Order deadlines are vacated.

Finally, the parties shall appear telephonically before the Court on Monday, July 23, 2018 at 2:00 p.m. to discuss a date for resetting the trial and to set a date for oral arguments on the pending Motions in Limine. Counsel shall call the Court's meet-me conference line at (505) 348-2353 to be joined to the proceedings.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent