IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GRIEGO, Personal Representative of
the Wrongful Death Estate of
ALEC J. JARAMILLO, Deceased,
ANDREW JARAMILLO and TERESA ROMO,

    Plaintiffs,

v.                                                                                             CIV 17-0244 KBM/JHR

LABERTA M. DOUGLAS, as Personal
Representative of the Estate of Russell E.
Douglas, and STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendants.

## **ORDER FOLLOWING HEARING**

THIS MATTER comes before the Court upon Plaintiffs' and Defendants' Motions in Limine. For the reasons stated on the record during the hearing held on September 7, 2018, the Court grants and denies the motions in limine as follows:

- Plaintiffs' Motion in Limine to Exclude Reference to Drugs and Alcohol (*Doc. 88*) is granted in part. The Court will exclude evidence of Mr. Jaramillo's drug and alcohol use as it relates to liability or causation of the accident. However, the Court will admit evidence of Mr. Jaramillo's drug and alcohol use for the purpose of determining Ms. Romo's loss of consortium claim and the value of hedonic damages. The Court will give the jury a limiting instruction to this effect.

- Plaintiffs' Motion in Limine Regarding Alec Jaramillo and his Motorcycle (*Doc. 111*) is granted in part. The Court will exclude evidence and testimony describing Mr. Jaramillo's motorcycle as illegal, but will allow evidence and testimony describing the condition and components, or missing components, of the motorcycle. The Court will exclude evidence that Mr. Jaramillo was not wearing gloves at the time of the accident. Finally, absent a stipulation by the parties that Mr. Jaramillo died instantly, the Court will allow evidence that Mr. Jaramillo was not wearing a helmet as it is relevant on the issue of pain and suffering. The Court will give a limiting instruction consistent with NMSA § 6-7-

1

356(B) the "failure to wear a safety helmet . . . [does] not constitute contributory negligence."

- Plaintiffs' Omnibus Motion in Limine (*Doc. 112*) is denied as to paragraph 23. On all other issues, the Court will enforce the agreements of the parties.

- Defendants' Motion in Limine to Exclude Russell Douglas' Medical Condition (*Doc. 114*) is not ripe for decision and is denied at this time without prejudice.

- Defendants' Motion in Limine to Exclude Propensity Evidence (*Doc. 115*) is denied because evidence of Mr. Douglas' prior driving incidents is admissible under Rule 404(b)(2) as evidence probative of potentially compromised cognitive and/or perception difficulties (and notice to him of any such difficulty) impacting his ability to drive. Defendants may submit a limiting instruction cautioning against use of those incidents as propensity evidence.

- Defendants' Motion in Limine to Exclude Photographs Depicting Alec Jaramillo's Deceased Body (*Doc. 116*) is denied without prejudice.

- Defendants' Motion in Limine to Exclude Cumulative Expert Witness Testimony (*Doc. 117*) and Defendants' Motion in Limine to Limit William Nash's Testimony (*Doc. 118*) are denied at this time. Counsel is permitted to object to perceived cumulative testimony during trial, and the Court will make further rulings at that time.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent