IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GRIEGO, Personal
Representative of the Wrongful Death
Estate of ALEC J. JARAMILLO, Deceased,
ANDREW JARAMILLO and TERESA ROMO,

      Plaintiffs,

v.                                                                                      CIV 17-0244 KBM/JHR

LABERTA M. DOUGLAS, as Personal
Representative of the Estate of Russell E.
Douglas, and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Order Resetting Pre-Trial Deadlines and Expanding the Court's May 24, 2018 Order (Doc. 85), filed August 13, 2018. [Doc. 135]. Defendants have filed a Response and Plaintiffs elected not to file a Reply. [*See* Docs. 136, 139]. Having carefully considered the matter, the Court will grant Plaintiffs' Motion for the reasons set forth below.

    **I)**       **BACKGROUND**

This case arises from a car-on-motorcycle collision occurring September 13, 2014. On that date decedent Alec Jaramillo was struck by Russell Douglas, who allegedly failed to yield the right of way. Plaintiffs contend that Mr. Douglas caused the collision. Specifically, they argue that Mr. Douglas' vison-related deficits and health issues impaired his ability to safely operate a motor vehicle on the subject date. [*See* Doc. 135, pp. 1-2]. Defendants deny liability. They also deny that it was Mr. Douglas' vision that caused the subject collision. [*See* Doc. 136,

1

p. 2 ("Mr. Douglas' medical records indicate that he could see well, but that he was having a problem seeing the notes in his church's hymnal book." ). Unfortunately, Mr. Douglas died during the early stages of this case. [*See* Doc. 11].

Discovery closed on February 28, 2018, and discovery-related motions were due by March 7, 2018. Well before these deadlines, Plaintiffs filed a Motion to Compel Defendants to execute a medical release for Mr. Douglas, among other things. [*See* Doc. 56]. Briefing was completed on February 8, 2018. [*See* Doc. 71]. On May 24, 2018, this Court granted Plaintiffs' Motion to Compel in part. [*See* Doc. 85]. Pertinent here, the Court found that

> first, Mr. Douglas' medical history is relevant to Plaintiff's negligence claims under Rule 26(b)(1); second, Mr. Douglas' medical history is generally privileged and neither Defendant nor Mr. Douglas has waived the privilege merely by participating this lawsuit and denying fault; third, now that Mr. Douglas is deceased, Plaintiffs have the right to examine any records that bear upon their claim that his negligence caused the collision at issue.

[*Id.*, p. 16]. Accordingly, the Court ordered Defendants to execute a medical release for Mr. Douglas "limited to 'any medical conditions that could interfere with driving' and the quality of Mr. Douglas' vision at the time of the collision." [*Id.*]. The Court further limited the release to one year preceding the collision. [*Id.*, p. 17].

Meanwhile, trial was set for July 23, 2018. [Doc. 68]. Defendants produced a release, as ordered, on June 25, 2018. "The following morning, June 26, 2018, Plaintiffs immediately commenced requesting Mr. Douglas' medical records." [Doc. 105, p. 2]. And, on July 5, 2018, Plaintiffs moved to continue trial, citing prejudice if forced to proceed to trial without the ability to present evidence "regarding Mr. Douglas' ability to see properly." [*Id.*, p. 3]. Presiding magistrate judge Molzen granted Plaintiffs' Motion to Continue on July 11, 2018. [Doc. 122]. However, she reset it for January 28, 2019. [Doc. 133].

2

Plaintiffs now move the Court to "issue an order expanding the time-frame Plaintiffs may seek Mr. Douglas' medical records, reopen discovery, [and] reset fact and expert witness disclosure deadlines[.]" [Doc. 135, p. 9]. In support, Plaintiffs cite evidence that Mr. Douglas had several impairments that could have affected his vision on the date in question. [*See id.*, p. 3]. Defendants do not dispute that Mr. Douglas' medical records are relevant; instead, they argue prejudice, raise an evidentiary objection, and argue that Mr. Douglas' medical condition is privileged. [*See* Doc. 136, pp. 2-4].

## II) LEGAL STANDARD

Whether or not to reopen discovery is within the sound discretion of the district court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The Tenth Circuit has identified six relevant factors to be considered when deciding whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.*

## III) ANALYSIS

Having considered the *Smith* factors, the Court will reopen discovery.

The first three factors weigh slightly against reopening discovery. Trial is not "imminent," but, it is roughly four months away. If the Court reopens discovery, it would have to be on an expedited track to ensure each side has the opportunity to prepare its case prior to trial. Even with the strictest deadlines, witnesses may be unavailable and records requests take time, and the Court will not put Judge Molzen's trial setting at risk. Second, the request is opposed, which weighs against reopening discovery. Likewise the third factor, which considers the

prejudice to Defendants, weighs slightly against reopening discovery. Defendants argue that reopening discovery would require a trial within a trial regarding Mr. Douglas' medical condition, "which Defendants did not put at issue." [Doc. 136, p. 2]. To this point, the Court recognizes the additional work that Defendants will have to put into trying this case if Plaintiffs' Motion is granted.

That said, litigation often has twists and turns that cannot be anticipated by the parties, and Defendants have demonstrated no prejudice that cannot be cured by carefully crafted jury instructions and the presentation of additional witnesses at trial. More to the point, the last three *Smith* factors weigh heavily in favor of reopening discovery. The fourth factor, which considers the requestor's diligence, weighs in Plaintiffs' favor. Plaintiffs' initial Motion to Compel was filed December, 2017, and they attempted to locate Mr. Douglas' medical records the moment a release was in hand. Thus, the requested discovery was foreseeable in light of the original discovery deadline. Finally, the Court must consider whether the additional discovery is likely to lead to relevant evidence. Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, (a) information concerning Mr. Douglas' medical history has the tendency to make a fact – whether his inability to see caused the subject collision – more or less probable than it would be without such evidence; and (b) that fact is of consequence in determining this action. Therefore, this factor weighs in favor of reopening discovery.

The Court is not convinced by Defendants' other arguments. Defendants' evidentiary objections are best left to trial. [*See* Doc. 136, pp. 2-3]. And, while the Court acknowledges that

Mr. Douglas' medical condition is ordinarily privileged in personal injury cases such as this one, it is not where, as here, a decedent is alleged to have caused the collision due to lack of vision.

**IV) CONCLUSION**

On balance, the *Smith* factors counsel in favor of granting Plaintiffs' Motion and reopening discovery as to Mr. Douglas' medical health. As such, the Court orders that discovery will be reopened, subject to the following parameters:

1. Defendants shall execute an amended medical release for Mr. Douglas within fourteen (14) days of the entry of this Memorandum Opinion and Order. Such a release should be limited to the three years preceding the collision at issue and two years after it.

2. Plaintiffs will then have the opportunity to request Mr. Douglas' medical records. The Court anticipates records requests will take thirty (30) days. Plaintiffs shall disclose records to Defendants as soon as they are received.

3. Plaintiffs shall disclose any expert witnesses no later than December 3, 2018.

4. Defendants shall disclose any expert witnesses no later than December 17, 2018.

5. Discovery will close on January 7, 2019. Any motions related to discovery must be filed by the discovery deadline.

IT IS SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE