IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GRIEGO, Personal Representative
of the Wrongful Death Estate of
ALEC J. JARAMILLO, Deceased,
ANDREW JARAMILLO and TERESA ROMO,

      Plaintiffs,

v.                                                                                                                               CV 17-0244 KBM/JHR

LABERTA M. DOUGLAS, Personal Representative
of the Estate of RUSSELL E. DOUGLAS, and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendants.

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Attorney Fees [Doc. 182], filed April 19, 2019. Defendants filed a Response [Doc. 192] on May 3, 2019. Plaintiffs did not file a Reply; therefore, briefing is complete. *See* D.N.M.LR-Civ. 7.1(b). Having considered the positions of the parties and the evidence before the Court, Plaintiffs' Motion for Fees will be **granted in part**.

## I.    BACKGROUND

This Court granted Plaintiff Michael Griego's Motion to Compel Discovery Responses and Request for Sanctions [Doc. 159] and denied Laberta M. Douglas' Motion for Protective Order [Doc. 162] on April 5, 2019. [*See* Doc. 171 (Order Granting Motion to Compel and Denying Motion for Protective Order and Awarding Plaintiff Griego Reasonable Expenses)]. The Court concluded that Griego's Motion to Compel answers to his requests for admissions and corresponding interrogatories was well-taken and that Laberta's Motion, which took the opposite

1

view of the issues, was not substantially justified. [*Id.*, p. 13]. Accordingly, the Court authorized Griego to file a motion seeking his costs and fees associated with litigating the Motion to Compel and Motion for Protective Order. [*Id.*].

Plaintiffs filed the instant Motion pursuant to this Court's April 5, 2019, Order. [*See* Doc. 182, p. 1]. In it, they recite the amounts of time spent by attorneys Brent Ferrel and Richard Sutten to draft and edit Plaintiff's Motion to Compel and their Response to Defendant's Motion for a Protective Order:

    Brent Ferrel       2.2 hours

    Richard Sutten    1.5 hours

[*Id.*]. They request attorneys' fees in the amount of $1,340.10, with Mr. Ferrel charging a rate of $300.00/hour and Mr. Sutten charging a rate of $395.00/hour. [*Id.*; Doc. 182-1, pp. 1-3]. Besides the attorneys' own affidavits (Mr. Ferrel has been practicing for almost 10 years and Mr. Sutten has been practicing law for 22 years), Plaintiffs provide no evidence supporting these hourly rates. [*Id.*].

Defendants seize upon this fact in their response, arguing that Plaintiffs failed to justify the hourly rates they request, which are on the high-side for New Mexico personal injury attorneys. [*See* Doc. 192, p. 2]. As such, "Defendants request that the Court reduce the amount of fees Plaintiffs seek to a justifiably reasonable amount." [*Id.*]. However, "Defendants do not dispute the reasonableness of the time Plaintiffs' counsel expended on the pleadings." [*Id.*].

## II. LEGAL STANDARDS

"The rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (quoting 1970 committee notes to Rule 37(a)(4)). As a consequence,

Federal Rule of Civil Procedure 37 contains provisions that "allow, and often require" the Court to award attorney fees for discovery misconduct. *Id.* at 678. Under Rule 37(a)(5)(A),

> [i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if . . . (ii) the opposing party's nondisclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). In other words, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, *Federal Practice and Procedure* (3d ed. 2010), § 2288, n.17), unless the failure to respond was substantially justified or an award or expenses would otherwise be unjust. *Id.* at *5. "The Supreme Court has described the test of 'substantially justified' under Rule 37 as 'a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Lester v. City of Lafayette, Colo.*, 639 F. App'x 538, 542 (10th Cir. 2016) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "To avoid an attorney-fee award, the moving party must show that its motion had a 'reasonable basis both in law and fact.'" *Id*. at 541.

In the event that the Court determines that fees must be awarded, the burden shifts to the applicant to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (citation omitted); *see Diaz v. Metzgar*, 2014 WL 12782782 at *7 (D.N.M. 2014) ("The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.") (quoting *Mares v. Credit Bureau of Raton*, 801 F. 2d 1197, 1201 (10th Cir. 1986)). The Court will then reach a "lodestar figure," which is the product of reasonable hours expended times a reasonable hourly rate. *See Mares*, 801 F. 2d at 1201. "The setting of a reasonable hourly rate is

3

within the district court's discretion…. [and] [h]ourly rates must reflect the prevailing market rates in the relevant community." *Jane L.*, 61 F.3d at 1510 (citation omitted). The party seeking fees must provide the district court with sufficient information to evaluate prevailing market rates. *See Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006). That party must also demonstrate that the rates are similar to rates for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community and for similar work. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255-56 (10th Cir. 1998).

### III. ANALYSIS

There is no dispute as to the number of hours Plaintiffs are requesting. [Doc. 192, p. 2]. However, Plaintiffs have failed to show that their attorneys' requested hourly rates are reasonable for *this* district. *See Jane L.*, 61 F.3d at 1510 ("Hourly rates must reflect the prevailing market rates in the relevant community.") "New Mexico is a relatively poor state, with some of the lowest hourly rates in the country." *XTO Energy, Inc. v. ATD, LLC*, CIV 14-1021 JB/SCY, 2016 WL 1730171 at *32 (D.N.M. 2016) (Collecting cases and stating that "[a] $400.00 rate would be close to the top, if not the top of the rates that the Court has approved or seen in New Mexico[.]").

If the Court lacks adequate evidence to determine the prevailing market rate, it may use other factors, including its own knowledge, to establish the rate. *Case*, 157 F.3d at 1257. The Court notes that this personal injury case was not overly-complex, nor was the discovery dispute for which Plaintiffs are recovering fees. Moreover, Plaintiffs failed to submit anything besides their own attorneys' affidavits in support of the hourly rates requested. Having reviewed local cases, the Court determines that $250/hour is a reasonable hourly rate for Mr. Ferrel and $310/hour is a reasonable hourly rate for Mr. Sutten. *See, e.g.*, *XTO Energy, Inc.*, 2016 WL 1730171 at *32

4

(collecting cases); *Payne v. TriState Careflight*, 278 F.Supp.3d 1276, 1297 (D.N.M. 2017) (awarding an hourly rate of $350/hour to a litigator with over 30 years of experience); *Baity v. Brad Hall & Associates*, CV 18-0183 SCY/JHR, 2019 WL 2436262, at *2 (D.N.M. June 11, 2019) (awarding a rate of $300/hour to a litigator with 16 years of experience); *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1085 (D.N.M. 2018) (awarding a rate of $350/hour to a litigator who demonstrated "unique" skills to the Albuquerque area despite only having 11 years of experience and remarking that such a rate is ordinarily reserved to lawyers with experience in the range of fifteen to twenty years); *Griego v. United States*, CV 16-0475 JCH/SCY, 2018 WL 6727357, at *3 (D.N.M. Dec. 21, 2018) (awarding a rate of $350/hour to a civil rights litigator with 17 years of experience).

## IV. LODESTAR CALCULATION

Given the above, the Court will award the following amount:

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Brent Ferrel | 2.2 | $250 | $550.00 |
| Richard Sutten | 1.5 | $310 | $465.00 |
|  |  | **Total:** | **$1,015.00** |
| **Plus NM GRT (7.875%)** |  |  | **$79.93** |
|  |  | **Total:** | **$1,094.93** |

## V. CONCLUSION

The purpose of fee-shifting rules "is to protect and further legal rights by removing a disincentive to vindicating those rights (namely, the cost of retaining attorneys to pursue the rights) and creating a disincentive to violating them or failing to compensate victims for violations (namely, the cost of paying for the victim's attorneys)." *Centennial Archaeology, Inc.*, 688 F.3d at

679 (citations omitted). However, "[i]t remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares*, 801 F. 2d at 1210. The Court finds that Plaintiffs are entitled to their reasonable attorneys' fees associated with litigating the Motion to Compel and Motion for a Protective Order, but, for the reasons stated above, will reduce the requested award because of Plaintiffs' failure to support the hourly rates requested. As such, Defendants shall pay Plaintiffs **$1,094.93** within thirty (30) days of the entry of this Order.

    IT IS SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE